**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0346-15T2

JOHN F. SCINTO,

    Appellant,

v.

BOARD OF REVIEW, DEPARTMENT OF
LABOR and IBM CORP.,

    Respondents.

_____

Submitted March 22, 2017 — Decided  April 5, 2017

Before Judges Accurso and Lisa.

On appeal from the Board of Review, Department
of Labor, Docket Nos. 00033594 and 00039868.[1]

John F. Scinto, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent Board of Review
(Melissa Dutton Schaffer, Assistant Attorney
General, of counsel; Adam Verone, Deputy
Attorney General, on the brief).

Respondent IBM, Corp. has not filed a brief.

---

[1]  The Notice of Appeal referenced the final decision under Docket
No. 00039868.  Subsequent to filing the appeal, this court, by
order of November 16, 2015, granted appellant's motion to consider
the two separate but related final decisions of the Board of Review
in one appeal.  (Motion No. M-001639-15).

PER CURIAM

Appellant, John F. Scinto, appeals two final decisions of the Board of Review (Board), both issued on June 26, 2015. The controlling substantive decision, under Docket No. 00033594, determined that appellant was ineligible for benefits for a two-week period during which he was on a voluntary vacation out of the country, as a result of which he was found liable to refund the sum of $1272 he had received in benefits for those weeks.

The other decision, under Docket No. 00039868, resulted from appellant's administrative appeal to the Appeal Tribunal (Tribunal) regarding the same two weeks of ineligibility, which he filed subsequent to the issuance of the Tribunal decision under Docket No. 00033594. The subsequent Tribunal concluded that appellant should be disqualified for benefits for only one of the two weeks and should be liable for a refund of only $636.

When both matters came before the Board, it upheld the Tribunal's decision under Docket No. 00033594, finding a two-week ineligibility period and ordering a $1272 refund. At the same time, the Board issued its final decision under Docket No. 00039868, in which it held that, because the matter was previously addressed by another Tribunal, the decision of a subsequent Tribunal involving the identical subject matter was a nullity and ordered it set aside.

2

Appellant argues that, under the circumstances of this case, the fact that he was out of the country on a voluntary vacation for portions of two calendar weeks did not render him unavailable for work during that time, as a result of which he should not have been disqualified for benefits. We reject appellant's argument and affirm.

On March 31, 2014, at age sixty-five, appellant was laid off from his position as a managing consultant at IBM, where he was earning about $120,000 per year. His application for benefits was approved and he began receiving $636 per week. He also commenced a nationwide search for a comparable position, sending out, over a period of time, about seventy-five hard-copy resumes. He had received no responses indicating an interest in talking to him by phone or scheduling an in-person interview prior to going on the vacation that is implicated in this case.

In 2012, appellant and his wife began planning a thirty-fifth anniversary vacation to take place in 2014. They scheduled their trip to Mexico, and, in accordance with the plans they had made, left for Mexico on Friday, August 1, 2014 and returned on Friday, August 8, 2014. When appellant electronically certified for his benefits on August 3, 2014, the IP address of the computer reflected the Mexico address as the source, which triggered the resulting disqualification.

Appellant insists that he was available to continue pursuing suitable employment while in Mexico by way of electronic or telephonic communication. In his circumstances, the anticipated procedure would be that if a prospective employer was interested in his services after reviewing his resume, the employer would contact him and probably conduct a telephonic screening. Then, if still interested, a second interview would be scheduled, which could be either in person or by telephone. By this analysis, appellant insists he was continuing his pursuit of new employment and was available during the eight days he was in Mexico.

When asked at the Tribunal hearing under Docket No. 00033594 whether he considered himself available for work during those weeks, appellant responded that he did not know how to answer, except to say he was available to receive calls from employers regarding scheduling of interviews. Appellant was asked further whether, if he received a call while in Mexico from a prospective employer who wanted him to come in for an immediate interview, he would have been able to comply. He insisted that if that were necessary and if it were expressed to him that failure to do so would result in him being eliminated from consideration for the position, he would have gone to the airport and was confident he could arrange an immediate flight. Likewise, he insisted that in the unlikely event he were offered a position while in Mexico, but

was required to start work immediately, he would have been able to do so.

The appeals examiner did not agree.  First, she made the following factual finding:

> [T]he claimant was on a prearranged vacation during which he did not conduct an active search for work.  Despite his assertion he could have arranged a flight back to the States if necessary, there are any number of factors which could have precluded him from being able to travel back immediately.  The claimant does not demonstrate he was able and available for work while on vacation . . . .

The appeals examiner then referenced and applied the relevant statutory provisions.  An unemployed individual is eligible to receive benefits with respect to any week if he or she "is able to work, and is available for work, and has demonstrated to be actively seeking work."  N.J.S.A. 43:21-4(c)(1).  For these purposes, a "week" means a "calendar week ending at midnight Saturday, or as the division may by regulation prescribe."  N.J.S.A. 43:21-19(q).  Applying these provisions to her factual findings, the appeals examiner concluded that appellant failed to meet the eligibility requirement for each of the two weeks because "there were less than seven (7) eligible days during [each of] these calendar weeks, in accordance with N.J.S.A. 43:21-4(c)[(1)] and N.J.S.A. 43:21-19(q)."

5

The Board, based upon its review of the record, expressed its agreement with the decision reached by the Appeal Tribunal and affirmed that decision.  As we previously stated, at the same time, the Board declared the subsequent Tribunal proceeding a nullity because the same matter had already been decided by a previous Tribunal.

The scope of our review of the final decision of an administrative agency is very limited.  Brady v. Bd. of Review, 152 N.J. 197, 210 (1997).  We will not interfere with the Board's decision unless it is arbitrary, capricious, or unreasonable, or is not supported by substantial credible evidence in the record as a whole.  Id. at 210.

The Board's factual finding that, during his Mexico vacation, appellant was not actively seeking work and would not have been able to immediately report for work or even for an in-person interview is supported by the record evidence.  Essentially, while enjoying his vacation, appellant was basically monitoring his cell phone for any phone calls or electronic communications from prospective employers.  There is nothing arbitrary or unreasonable in the determination that this conduct did not satisfy N.J.S.A. 43:21-4(c)(1).

The statutory and regulatory scheme makes it clear that an individual voluntarily on vacation (as opposed to a required

vacation through a collective action or collective bargaining agreement beyond the individual's control) is not deemed available for work. See N.J.S.A. 43:21-4(c)(3). By regulation, "[a]n individual who voluntarily takes a vacation is ineligible for benefits as the individual is unavailable for work." N.J.A.C. 12:17-8.10(a).

In defining a "week" as a calendar week ending at midnight Saturday, the Legislature allowed, as an alternative, that "the division may by regulation prescribe" otherwise. N.J.S.A. 43:21-19(q). No such regulation has been adopted, and we have no occasion to judicially override the legislative and regulatory determinations made in defining a "week" for purposes of unemployment benefits to allow some flexible approach as urged by appellant.

The Unemployment Compensation Law is designed to provide workers who find themselves out of work through no fault of their own with some limited income. Yardville Supply Co. v. Bd. of Review, 114 N.J. 371, 375 (1989). And, the law is designed to serve the public interest as well by creating and preserving a fund out of which benefits can be paid. See Brady, supra, 152 N.J. at 212. Strict adherence to the statutory and regulatory provisions for payment of benefits serves the public purpose of preserving the fund for the benefit of all workers who may be

dislocated from their employment through no fault of their own. Depleting the fund to provide an unemployed person with a paid vacation would not advance this public purpose.

Finally, appellant does not dispute that, if his disqualification from benefits is upheld, he is required to refund the benefits mistakenly paid to him during the weeks of disqualification. Nor does he make any argument contesting the Board's determination that the action resulting from the subsequent administrative appeal should be declared a nullity and set aside. These points are clear and require no discussion on our part. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION